**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

HAROLD R. HENAGER,

        Petitioner-Appellant,

v.

RANDY PARKER, Warden,

        Respondent-Appellee.

No. 05-6385

(W.D. Oklahoma)

(D.C. No. 05-CV-870-W)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Harold Henager, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's decision dismissing his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Mr. Henager also seeks to proceed *in forma pauperis* ("IFP"). Because we determine that he has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), we deny his request for a COA and dismiss his appeal. We also deny his motion to proceed IFP.

I. BACKGROUND

On March 16, 2004, Mr. Henager pleaded guilty to one count of attempted manufacture of a controlled dangerous substances (methamphetamine), based on the use of pseudoephedrine-based products. The Oklahoma state court sentenced Mr. Henager to twenty years' imprisonment, with all but the first ten years suspended, to run concurrently with Mr. Henager's sentences in two other Oklahoma state court actions. Mr. Henager sought post-conviction relief, which was denied.

## II. DISCUSSION

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has dismissed a habeas petition on procedural grounds, such as exhaustion, a COA will issue only when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Henager filed a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he raised two issues: (1) his conviction is unconstitutional because pseudoephedrine is incapable of being part of the manufacture of "true" methamphetamine; and (2) the Oklahoma legislature erred when it concluded that pseudoephedrine is a precursor substance. Rec. doc. 1, at 4 (Petition, filed July 29, 2005); *see* OKLA. STAT. tit. 63, § 2-332, 2-332(A).

2

The magistrate judge concluded that the Oklahoma Court of Criminal Appeals's rejection of the same claims was reasonable, and recommended the denial of habeas relief. The district court noted the Oklahoma Court of Criminal Appeals assertion that "'[t]he Oklahoma Legislature has the authority to determine what is lawful and what is unlawful in this state.'" Rec. doc. 17, at 2 (Dist. Ct. Order, filed Nov. 30, 2005) (*quoting Henager v. State,* No. PC-2005-476, Order at 2 (Okla. Crim. App. July 22, 2005)). The district court adopted the magistrate judge's Report and Recommendation and denied relief. The district court construed Mr. Henager's Notice of Appeal as a request for a COA, declined to issue a COA, and denied his application to proceed IFP.

We have reviewed Mr. Henager's brief, the magistrate judge's Report and Recommendation, the district court's orders, and the entire record on appeal. We conclude that jurists of reason would not find the district court's ruling debatable.

## III. CONCLUSION

For substantially the same reasons as set forth in the magistrate judge's report and recommendation and the district court's orders, we DENY Mr. Henager's request for a COA, we therefore DENY his motion to proceed IFP, and we DISMISS the appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge